Adrienne Sue Thommes
Thommes Law Office
1403 W Broadway
Spokane, WA 99201
Telephone: (509)323-9000
Facsimile: (509)324-9029

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
(HONORABLE ROSANNA MALOUF PETERSON)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:14-CR-21-RMP-10 |
| Plaintiff, | ) | |
| | ) | RESPONSE MEMO TO US |
| VS. | ) | MOTION TO REVIEW ORDER |
| | ) | SETTING CONDITIONS OF |
| SAMUEL G. WARD | ) | RELEASE |
| | ) | |
| Defendant. | ) | |

SAMUEL G. WARD, through counsel, Adrienne Thommes for Thommes Law Office, submits the following memorandum of points and authorities in response to the government's request for the Court to review the order setting conditions of release and to aid this Court in determining terms and conditions for Samuel Ward's pretrial release.

BAIL REFORM ACT

The Bail Reform Act of 1984 frames pretrial release within the context of a presumption of innocence. 18 U.S.C. § 3145(j). Mindful that incarceration is reserved for extreme cases, Congress directed that a court "shall order the pretrial release of the person [accused]" unless the person presents a flight risk or danger to the community. 18 U.S.C. § 3142(b) (emphasis added). "[F]ederal law has traditionally provided that a person arrested for a non-capital offense shall be admitted to bail." This Court has held that "[o]nly in rare circumstances should release be denied. Doubts regarding the propriety of release should be resolved in favor of the defendant." Motamedi, 767 F.2d, at 1405. Therefore, the burden rests with the government to prove not only

that a defendant is a flight risk or danger to the community, but that no condition or combination of conditions will reasonably remedy those risks. 18 U.S.C. § 3145(f) (emphasis added); Motamedi, 767 F.2d at 1405 ("Release pending trial is governed by the Bail Reform Act of 1984 which . . . mandates release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required.")

The United States of America invoked Section 3145(a) for review of Order Setting Conditions of Release which undermines defendant's rebuttal of the presumption claimed by the USA that defendant must be detained under 18 USC Section 3142(e).

Mr. Ward is presumed innocent. Because the government has not adequately demonstrated that he is a flight risk or danger to the community, the district court and Honorable Magistrate Rogers properly ruled in his favor and setting conditions of release.

The United State's argument hinged on the allegation that Mr. Ward is dangerous to persons or to the community, though the evidence does not support these allegations. Pretrial detention was historically seen as such an infringement on the presumption of innocence, that it was permitted only in capital cases. United States v. Himler, 797 F.2d 156, 158-59 (3rd Cir. 1986) (Citing Bail Reform Act of 1966, 18 U.S.C. § 3148 (1982), repealed by Bail Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1976 (1984)). Therefore, this Court has declared that a district court must find the higher burden of "clear and convincing evidence" before detaining a person prior to trial based on their dangerousness. Motamedi, 767 F.2d, at 1406. Moreover, "a finding of danger to the community is likely to involve more specific and quantifiable evidence … [f]or instance, prior convictions, police reports, and other investigatory documents" which can tangibly show a defendant's "past histories of violence.

PRETRIAL SERVICES REPORT

The Report recommended release of Samuel Ward based on an assessment, thorough and complete, of the risks he poses of flight as well as of flee. The Report specifically indicated that Mr. Ward has lived in the community for the duration of his life, has excellent and intimate ties to the community and his children, has never had a violent offense conviction, has not been convicted of any offense other than traffic violations for the last 7 years, and that he is not viewed as a threat to the community nor a flight risk.

Although he does not have extensive employment history, he has overcome that burden by

showing that his primary focus is on his children.

SUPPLEMENTAL

Mr Ward submitted letters, attendance charts, etc. from his father in law, a parent whose child is on the football team he serves to assistant coach, and additionally, a letter from Headstart employee that shows he takes his kids to and from school and has exemplified all the characterstics necessary to establish he is a responsible, good parent.

CONCLUSION

Therefore, it is requested that the Court uphold Magistrate Roger's ruling and Order Setting Conditions of Release.

Dated this 19th of March, 2014.

Respectfully Submitted,

/s/Adrienne Thommes_____

WSBA #43721

CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2014, I electronically filed the foregoing with the Clerk of Court using CM/EMF System, which will send notification of such filing to the following:

Jared Kimball

US Attorney's Office-SPO

920 W Riverside,Ste 300

PO Box 1494

Spokane WA 99210

/s/Adrienne Thommes

Attorney at Law

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28